Judge John C. Coughenour

```
_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

        SEP 2 6 2023
              AT SEATTLE
       CLERK U.S. DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
    BY                       DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR21-174 JCC |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| JERRY WAYNE KOHL, | |
| Defendant. | |

The United States, through Acting United States Attorney Tessa M. Gorman and Assistant United States Attorneys C. Andrew Colasurdo and Michelle Jensen of the Western District of Washington and Jerry Wayne KOHL and his attorneys Chris Black and Sade Smith enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(C)(1)(A) and 11(C)(1)(B).

1.    **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to Conspiracy to Distribute Controlled Substances, the lesser-included offense of that charged in Count 1 of the Second Superseding Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty

Plea Agreement - 1
*United States v. Jerry Wayne Kohl*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  plea, Defendant will be placed under oath. Any statement given by Defendant under oath

2  may be used by the United States in a prosecution for perjury or false statement.

3      2.    **Elements of the Offense**. The elements of the offense of Conspiracy to

4  Distribute Controlled Substances, the lesser-included offense of that charged in Count 1

5  of the Second Superseding Indictment, in violation of Title 21, United States Code,

6  Sections 841(a)(1), 841(b)(1)(B), and 846 are as follows:

7      a.    First, there was an agreement between two or more persons to

8  distribute controlled substances, to wit methamphetamine; and

9      b.    Second, Defendant joined in the agreement knowing of its purpose

10 and intending to help accomplish that purpose, that is the distribution of

11 methamphetamine.

12     3.    **The Penalties**. Defendant understands that the statutory penalties

13 applicable to the offense of Conspiracy to Distribute Controlled Substances, the lesser-

14 included offense of that charged in Count 1 of the Second Superseding Indictment, in

15 violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846 are

16 as follows:

17     a.    A maximum term of imprisonment of up to 40 years and a

18 mandatory minimum term of imprisonment of 5 years;

19     b.    A fine of up to $5,000,000.00;

20     c.    A period of supervision following release from prison of at least four

21 years and up to life; and

22     d.    A mandatory special assessment of $100.00.

23     If a probationary sentence is imposed, the probation period can be for up to five

24 (5) years. Defendant agrees that the special assessment shall be paid at or before the time

25 of sentencing.

26     **Drug Offense - Proof of Drug Quantity for Mandatory Minimum.** Defendant

27 further understands that, in order to invoke the statutory sentence for the lesser-included

28 drug offense charged in Count 1 of the First Superseding Indictment, the United States

Plea Agreement - 2
*United States v. Jerry Wayne Kohl*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

must prove that Defendant's conduct as a member of the narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that Defendant's conduct as a member of the narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further

Plea Agreement - 3
*United States v. Jerry Wayne Kohl*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   agrees to submit a completed Financial Disclosure Statement as requested by the United
2   States Attorney's Office.

3         Defendant understands that, if pleading guilty to a felony drug offense, Defendant
4   will become ineligible for certain food stamp and Social Security benefits as directed by
5   Title 21, United States Code, Section 862a.

6       4.    **Immigration Consequences**.  Defendant recognizes that pleading guilty
7   may have consequences with respect to Defendant's immigration status if Defendant is
8   not a citizen of the United States.  Under federal law, a broad range of crimes are grounds
9   for removal, and some offenses make removal from the United States presumptively
10  mandatory.  Removal and other immigration consequences are the subject of a separate
11  proceeding, and Defendant understands that no one, including Defendant's attorney and
12  the Court, can predict with certainty the effect of a guilty plea on immigration status.
13  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any
14  immigration consequences that Defendant's guilty plea may entail, even if the
15  consequence is Defendant's mandatory removal from the United States.

16      5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by
17  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

18          a.    The right to plead not guilty and to persist in a plea of not guilty;
19          b.    The right to a speedy and public trial before a jury of Defendant's
20  peers;

21          c.    The right to the effective assistance of counsel at trial, including, if
22  Defendant could not afford an attorney, the right to have the Court appoint one for
23  Defendant;

24          d.    The right to be presumed innocent until guilt has been established
25  beyond a reasonable doubt at trial;

26          e.    The right to confront and cross-examine witnesses against Defendant
27  at trial;

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       f.  The right to compel or subpoena witnesses to appear on Defendant's

2   behalf at trial;

3       g.  The right to testify or to remain silent at trial, at which trial such

4   silence could not be used against Defendant; and

5       h.  The right to appeal a finding of guilt or any pretrial rulings.

6      6.  **United States Sentencing Guidelines**.  Defendant understands and

7   acknowledges that the Court must consider the sentencing range calculated under the

8   United States Sentencing Guidelines and possible departures under the Sentencing

9   Guidelines together with the other factors set forth in Title 18, United States Code,

10   Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the

11   history and characteristics of Defendant; (3) the need for the sentence to reflect the

12   seriousness of the offense, to promote respect for the law, and to provide just punishment

13   for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

14   conduct; (5) the need for the sentence to protect the public from further crimes of

15   Defendant; (6) the need to provide Defendant with educational and vocational training,

16   medical care, or other correctional treatment in the most effective manner; (7) the kinds

17   of sentences available; (8) the need to provide restitution to victims; and (9) the need to

18   avoid unwarranted sentence disparity among defendants involved in similar conduct who

19   have similar records.  Accordingly, Defendant understands and acknowledges that:

20       a.  The Court will determine Defendant's Sentencing Guidelines range

21   at the time of sentencing;

22       b.  After consideration of the Sentencing Guidelines and the factors in

23   18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the

24   maximum term authorized by law;

25       c.  The Court is not bound by any recommendation regarding the

26   sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

27   range offered by the parties or the United States Probation Department, or by any

28   stipulations or agreements between the parties in this Plea Agreement; and

Plea Agreement - 5
*United States v. Jerry Wayne Kohl*, CR21-174 JCC

1        d.     Defendant may not withdraw a guilty plea solely because of the

2   sentence imposed by the Court.

3       7.    **Ultimate Sentence**. Defendant acknowledges that no one has promised or

4   guaranteed what sentence the Court will impose.

5       8.    **Statement of Facts**. The parties agree on the following facts. Defendant

6   admits Defendant is guilty of the charged offense:

7          Beginning at a time unknown, and continuing until on or about November

8   2, 2021, the drug-trafficking organization charged in this case (the "DTO")
    distributed, and directed other associates to distribute, controlled substances,

9   including methamphetamine, heroin, and fentanyl, in the Western District of
    Washington and elsewhere. Numerous individuals assisted the DTO with its drug

10  trafficking activities. Some individuals supplied methamphetamine, heroin, and

11  fentanyl, while others, including Defendant KOHL, helped redistribute those drugs
    to others in the Western District of Washington and elsewhere.

12

13         This conspiracy, and KOHL's role therein, is established by witness and

14  informant accounts; recorded telephone calls; court-authorized interceptions of
    wire and electronic communications; controlled purchases of drugs by confidential

15  sources; surveillance; seizures of drugs and cash; search warrants; and other
    evidence, only some of which is outlined below.

16

17         During the course of the investigation, KOHL regularly obtained multiple-

18  pound quantities of methamphetamine from two different DTO redistributors
    (Redistributor 1 and Redistributor 2) who both had direct access to the DTO

19  leader. For example, on June 26, 2021, KOHL obtained five pounds of
    methamphetamine from Redistributor 1. On July 14, 2021, he obtained another

20  ten pounds of methamphetamine from Redistributor 1. On both September 22,

21  2021, and September 29, 2021, KOHL obtained five pounds of methamphetamine
    from Redistributor 2. Once obtained, KOHL redistributed the methamphetamine

22  to others in the Western District of Washington. KOHL was arrested on November

23  2, 2021. During his arrest, agents recovered 323.5 gross grams of
    methamphetamine and the phone KOHL used to communicate with Redistributors

24  1 and 2 during the intercepted communication.

25

26         Although the exact amount of drugs KOHL distributed, or conspired to
    distribute, is unknown, the parties agree that it was at least 11.663 kilograms of a

27  mixture or substance containing methamphetamine

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    The parties agree that the Court may consider additional facts contained in the
2  Presentence Report (subject to standard objections by the parties) and/or that may be
3  presented by the United States or Defendant at the time of sentencing, and that the factual
4  statement contained herein is not intended to limit the facts that the parties may present to
5  the Court at the time of sentencing.

6    9.    **Sentencing Factors**.  The parties agree that the following Sentencing
7  Guidelines provisions apply to this case:

8    a.    A base offense level of 34 under USSG §§ 2D1.1(c)(3) because the
9  offense involved at least 11.663 kilograms of a mixture or substance containing
10  methamphetamine; and

11    b.    A two-level decrease under USSG § 3E1.1(b) if Defendant clearly
12  demonstrates acceptance of responsibility for his offense, as further explained in
13  Paragraph 11.

14    The parties agree they are free to present arguments regarding the applicability of
15  all other provisions of the United States Sentencing Guidelines.  Defendant understands,
16  however, that at the time of sentencing, the Court is free to reject these stipulated
17  adjustments, and is further free to apply additional downward or upward adjustments in
18  determining Defendant's Sentencing Guidelines range.

19    10.    **Early Application of Proposed Sentencing Guidelines Amendments to**
20  **USSG § 4C1.1 (Zero-Point Offender) and USSG § 4A1.1 (Status Points).**  Defendant
21  may seek to benefit now from published proposed Amendments to the Sentencing
22  Guidelines that are favorable to defendants, but which are not scheduled to go into effect
23  until November 2023. Specifically, Defendant may seek to be sentenced as a Zero-Point
24  Offender, pursuant to published proposed Amendments to USSG § 4C1.1. Among other
25  benefits, the Amendments would award a two-offense-level reduction for defendants who
26  score zero criminal history points *and* meet all other criteria listed under USSG
27  § 4C1.1(a)(1)-(10). In addition, Defendant may seek to take early advantage of proposed
28  changes to how criminal history status points are assessed under USSG § 4A1.1(d). The

Plea Agreement - 7
*United States v. Jerry Wayne Kohl*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Amendments would assess only one criminal history point (instead of two) for

2  commission of the instant offense while under a criminal justice sentence, and otherwise

3  narrow the eligibility for that point. The Sentencing Commission has indicated it may

4  make these Amendments retroactively applicable. Considering these expected revisions,

5  during the interim period between now and the effective date, so long as these

6  Amendments remain pending enactment but are not yet effective, the parties agree as

7  follows:

8       The parties have no agreement as to whether Defendant qualifies as a Zero-Point

9  Offender or qualifies for criminal history status points. Both parties are free to litigate

10  their position on these issues in connection with sentencing. If the Court is inclined to

11  sentence Defendant consistently with these proposed Amendments, the Court first must

12  calculate the total offense level, criminal history category, and applicable sentencing

13  range under the current version of the Sentencing Guidelines.

14       After that, if the Court determines that Defendant meets all criteria to qualify as a

15  Zero-Point Offender under the proposed Amendments to USSG § 4C1.1, the United

16  States will not object to the Court granting a two-level downward variance from the

17  otherwise-applicable total offense level and otherwise treating Defendant as a Zero-Point

18  Offender consistent with the proposed Amendments to USSG § 4C1.1 and Application

19  Notes.

20       If the Court determines that Defendant is eligible to benefit from the revised

21  criteria for calculation of status points under the proposed Amendments to USSG

22  § 4A1.1(d), the United States will not object to the Court granting a variance from the

23  otherwise-applicable criminal history category and treating Defendant as if they had

24  fewer criminal history points, consistent with the proposed Amendments.

25       Defendant agrees that if the Court grants Defendant the benefit of early application

26  of these proposed Amendments to USSG § 4C1.1 and/or § 4A1.1 at sentencing, then

27  Defendant agrees that Defendant is not eligible for, and will not request, a post-

28  conviction sentence reduction on the same basis, either on direct appeal or in any post-

Plea Agreement - 8
*United States v. Jerry Wayne Kohl*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  conviction motion, if and when the Amendments go into retroactive effect. Defendant

2  further acknowledges that if the Court explicitly finds that Defendant does not qualify for

3  a sentencing benefit under these proposed Amendments to USSG § 4C1.1 and/or

4  § 4A1.1, Defendant waives any right to appeal that denial on direct appeal or in a

5  collateral attack or post-conviction motion pursuant to 28 U.S.C. § 2255, as further

6  described in the paragraph of this Plea Agreement entitled "Waiver of Appellate Rights

7  and Rights to Collateral Attack."

8       11.   **Acceptance of Responsibility.**  The United States agrees that Defendant is

9  eligible to have the offense level reduced by two levels for accepting responsibility,

10  pursuant to USSG §§3E1.1(a).  However, the United States will not move to apply the

11  third level reduction, pursuant to USSG §§3E1.1(b), because Defendant did not timely

12  notify the United States of his intention to plead guilty, thereby permitting the United

13  States to avoid preparing for trial and permitting the Court to allocate its resources

14  efficiently.

15       12.   **Sentence Recommendation**.  The United States agrees to recommend a

16  term of imprisonment that is no longer than 78 months.  Defendant understands that this

17  recommendation is not binding on the Court and the Court may reject the

18  recommendations of the parties and may impose any term of imprisonment up to the

19  statutory maximum penalty authorized by law.  Defendant further understands that

20  Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the

21  Court.   Except as otherwise provided in this Plea Agreement, the parties are free to

22  present arguments regarding any other aspect of sentencing.

23       13.   **Forfeiture**.  Defendant understands that the forfeiture of property is part of

24  the sentence that must be imposed in this case.

25       Defendant agrees to forfeit to the United States immediately any right, title, and

26  interest in all property that constitutes or is traceable to proceeds of his commission of

27  Conspiracy to Distribute Controlled Substances, the lesser-included offense of that

28

Plea Agreement - 9
*United States v. Jerry Wayne Kohl*, CR21-174 JCC

1  charged in Count 1, as well as any property that facilitated the offense.  All such property
2  is forfeitable pursuant to Title 21, United States Code, Section 853.

3        Defendant agrees to fully assist the United States in the forfeiture of any
4  forfeitable property and to take whatever steps are necessary to pass clear title to the
5  United States, including but not limited to: surrendering title and executing any
6  documents necessary to effect forfeiture; assisting in bringing any property located
7  outside the United States within the jurisdiction of the United States; and taking whatever
8  steps are necessary to ensure that property subject to forfeiture is not sold, disbursed,
9  wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file
10  a claim to any of this property in any federal forfeiture proceeding, administrative or
11  judicial, that may be or has been initiated. Defendant also agrees he will not assist any
12  party who may file a claim to this property in any federal forfeiture proceeding.

13        The United States reserves its right to proceed against any remaining property not
14  identified in this Plea Agreement, including any property in which Defendant has any
15  interest or control, if that property constitutes or is traceable to proceeds of his
16  commission of Conspiracy to Distribute Controlled Substances, or facilitated that offense.

17        14.    **Abandonment of Contraband**.  Defendant also agrees that, if any federal
18  law enforcement agency seized any illegal contraband that was in Defendant's direct or
19  indirect control, Defendant consents to the federal administrative disposition, official use,
20  and/or destruction of that contraband.

21        15.    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,
22  the United States Attorney's Office for the Western District of Washington agrees not to
23  prosecute Defendant for any additional offenses known to it as of the time of this Plea
24  Agreement based upon evidence in its possession at this time, and that arise out of the
25  conduct giving rise to this investigation, and moves to dismiss the remaining counts
26  charged against Defendant in the Second Superseding Indictment at the time of
27  sentencing.  In this regard, Defendant recognizes the United States has agreed not to
28  prosecute all of the criminal charges the evidence establishes were committed by

Plea Agreement - 10
*United States v. Jerry Wayne Kohl*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant solely because of the promises made by Defendant in this Plea Agreement.
2  Defendant agrees, however, that for purposes of preparing the Presentence Report, the
3  United States Attorney's Office will provide the United States Probation Office with
4  evidence of all conduct committed by Defendant.

5       Defendant agrees that any charges to be dismissed before or at the time of
6  sentencing were substantially justified in light of the evidence available to the United
7  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant
8  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119
9  (1997).

10      16.    **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if
11 Defendant breaches this Plea Agreement, the United States may withdraw from this Plea
12 Agreement and Defendant may be prosecuted for all offenses for which the United States
13 has evidence.  Defendant agrees not to oppose any steps taken by the United States to
14 nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea
15 Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement,
16 Defendant has waived any objection to the re-institution of any charges that previously
17 were dismissed or any additional charges that had not been prosecuted.

18      Defendant further understands that if, after the date of this Plea Agreement,
19 Defendant should engage in illegal conduct, or conduct that violates any conditions of
20 release or the conditions of confinement (examples of which include, but are not limited
21 to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while
22 pending sentencing, and false statements to law enforcement agents, the Pretrial Services
23 Officer, Probation Officer, or Court), the United States is free under this Plea Agreement
24 to file additional charges against Defendant or to seek a sentence that takes such conduct
25 into consideration by requesting the Court to apply additional adjustments or
26 enhancements in its Sentencing Guidelines calculations in order to increase the applicable
27 advisory Guidelines range, and/or by seeking an upward departure or variance from the
28 calculated advisory Guidelines range.  Under these circumstances, the United States is

Plea Agreement - 11
*United States v. Jerry Wayne Kohl*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  free to seek such adjustments, enhancements, departures, and/or variances even if

2  otherwise precluded by the terms of the Plea Agreement.

3    **17.   Waiver of Appellate Rights and Rights to Collateral Attacks.**

4  Defendant acknowledges that, by entering the guilty plea required by this Plea

5  Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any

6  pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

7  judgment of conviction.  Defendant further agrees that, provided the Court imposes a

8  custodial sentence that is within or below the Sentencing Guidelines range (or the

9  statutory mandatory minimum, if greater than the Guidelines range) as determined by the

10  Court at the time of sentencing, Defendant waives to the full extent of the law:

11    a.    Any right conferred by Title 18, United States Code, Section 3742,

12  to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

13  restitution order, probation or supervised release conditions, or forfeiture order (if

14  applicable); and

15    b.    Any right to bring a collateral attack against the conviction and

16  sentence, including any restitution order imposed, except as it may relate to the

17  effectiveness of legal representation.

18    This waiver does not preclude Defendant from bringing an appropriate motion

19  pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

20  the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

21    If Defendant breaches this Plea Agreement at any time by appealing or collaterally

22  attacking (except as to effectiveness of legal representation) the conviction or sentence in

23  any way, the United States may prosecute Defendant for any counts, including those with

24  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

25  Agreement.

26    **18.   Voluntariness of Plea.**  Defendant agrees that Defendant has entered into

27  this Plea Agreement freely and voluntarily, and that no threats or promises were made to

28

Plea Agreement - 12
*United States v. Jerry Wayne Kohl*, CR21-174 JCC

1  induce Defendant to enter a plea of guilty other than the promises contained in this Plea
2  Agreement or set forth on the record at the change of plea hearing in this matter.

3       19.  **Statute of Limitations**.  In the event this Plea Agreement is not accepted
4  by the Court for any reason, or Defendant breaches any of the terms of this Plea
5  Agreement, the statute of limitations shall be deemed to have been tolled from the date of
6  the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the
7  Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach
8  of the Plea Agreement by Defendant is discovered by the United States Attorney's
9  Office.

10       20.  **Completeness of Plea Agreement**.  The United States and Defendant
11  acknowledge that these terms constitute the entire Plea Agreement between the parties,
12  except as may be set forth on the record at the change of plea hearing in this matter.  This
13  Plea Agreement binds only the United States Attorney's Office for the Western District
14  of Washington.  It does not bind any other United States Attorney's Office or any other
15  office or agency of the United States, or any state or local prosecutor.

16      Dated this 26th day of September, 2023.

18   
19  _____
   JERRY WAYNE KOHL
20     Defendant

22  _____
   CHRIS BLACK & SADE SMITH
23     Attorneys for Defendant

25  _____
   VINCENT T. LOMBARDI
26     Assistant United States Attorney

Plea Agreement - 13
*United States v. Jerry Wayne Kohl*, CR21-174 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C. ANDREW COLASURDO
Assistant United States Attorney

MICHELLE JENSEN
Assistant United States Attorney

Plea Agreement - 14
*United States v. Jerry Wayne Kohl*, CR21-174 JCC